UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| Case No. | 2:22-cv-00809-MCS-MAR<br>2:22-cv-04634-MCS-MAR | Date | July 15, 2022 |
|---|---|---|---|
| Title | In re Pandora Media, LLC Copyright Litigation<br>Lewis Black v. Pandora Media, LLC | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                                              None Present

**Proceedings:   (IN CHAMBERS) ORDER CONSOLIDATING CASES**

The Court previously consolidated a lawsuit by several comedians against Pandora Media LLC. Consolidation Order, *In re Pandora Media, LLC Copyright Litigation*, No. 2:22-cv-00809-MCS-MAR, ECF No. 18. On July 7, 2022, a new comedian, Lewis Black, filed a copyright infringement case against Pandora raising substantially the same claims. The Court consolidates the *Black* case with the other cases.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (internal quotation marks omitted).

The interest in judicial convenience is manifest. The Court has already consolidated other cases bringing nearly the same claims. Having the *Black* action proceed separately would generate needlessly duplicative work for the Court and the parties. At this early stage of litigation, there is little potential for delay, confusion, or prejudice from consolidation. Not consolidating these cases would instead increase the potential for delay, confusion, and prejudice. Consolidated briefing, scheduling, and discovery would help the parties and the Court take advantage of the efficiencies generated from addressing issues once rather than several times. The Court thus concludes consolidation is appropriate. Should matters develop such that consolidation is no longer appropriate, the parties can move for relief.

The Court orders the following:

(1)   Pursuant to Fed. R. Civ. P. 42(a), *In re Pandora Media, LLC Copyright Litigation*, No. 2:22-cv-00809-MCS-MAR, and *Lewis Black v. Pandora Media, LLC*, No. 2:22-cv-04634-MCS-MAR, are consolidated for pretrial purposes and should be captioned as:

| In re PANDORA MEDIA, LLC COPYRIGHT LITIGATION | Master File No. 2:22-cv-00809-MCS-MAR <br><br> CONSOLIDATED ACTION |
|---|---|
| This Document Relates To: <br><br> ALL ACTIONS | |

(2)   The file in Case No. 2:22-cv-00809-MCS-MAR shall constitute the master file for every action in the consolidated action. The Clerk shall administratively close the *Black* action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies and the last name of the first-listed plaintiff in said action.

(3)   The Court vacates all deadlines regarding a responsive pleading to Lewis Black's complaint. The Court will address any issues regarding pleadings at the August 29, 2022 scheduling conference. The parties shall propose a plan for incorporating Lewis Black as a consolidated Plaintiff into this case in their Rule 26(f) report.

**IT IS SO ORDERED.**